```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SUNOCO, INC. (R&M),                      :   05 CIV. 7984 (DLC)
                                         :
                Plaintiff,               :   OPINION AND ORDER
                                         :
        -v-                              :
                                         :
HONEYWELL INTERNATIONAL, INC.            :
                                         :
                Defendant.               :
                                         :
---------------------------------------- X
```

Appearances:

For the Plaintiff:
Frederick D. Berkon, Esq.
Thomas K. Richards, Esq.
Leader & Berkon LLP
630 Third Avenue
New York, NY 10017

Mark D. Wegener, Esq.
Martin Cunniff, Esq.
Howery LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004

For the Defendant:
Veronica Rendon, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

Anton Valukas, Esq.
Sarah Hardgrove-Koleno, Esq.
Jenner & Block LLP
1 IBM Plaza
Chicago, IL 60611

DENISE COTE, District Judge:

Sunoco Inc. ("Sunoco") has brought a motion for a preliminary injunction to stop defendant Honeywell International Inc. ("Honeywell") from taking any further action in an ongoing arbitration to obtain a determination of the price for the year

2005 of a key ingredient in a product Sunoco sells to Honeywell. For the following reasons, the motion is denied.

## Background

There is very little dispute between the parties about the facts that control the determination of this motion. Both parties have agreed that the facts may be decided without a hearing on the basis of the documentary record that they have submitted.

The parties executed a Purchase and Sale Agreement ("Agreement") for phenol, a petrochemical that Sunoco manufactures and ships to Honeywell for use in Honeywell's manufacture of nylon. The Agreement provides a methodology for pricing a key raw ingredient of phenol, cumene, during the first seven years of the Agreement, that is, until the end of 2004. Thereafter, the methodology for determining the price can be revised through the process spelled out in the Agreement. Until the methodology is revised, however, "the then current methodology will remain in effect." To obtain a revised pricing methodology, either party may request on or after January 1, 2005, a "reopener" of the methodology "used to determine the price of cumene then in effect", and if the parties are unable to agree, a determination of a new methodology through an arbitration process. The Agreement provides that the arbitrator in any reopener proceeding will be an individual "reasonably

2

skilled in determining prices and pricing methodologies for cumene," and lists economic factors that the arbitrator will be entitled to consider and assumptions that the arbitrator will be required to adopt.  Honeywell is bound under the Agreement to pay each monthly invoice and to wait until the end of the year to dispute an invoice.

In 2004, Honeywell began to suspect that Sunoco was overcharging it for cumene, and when Sunoco refused to share certain information with it, it filed a demand for arbitration to determine damages from overpricing of cumene ("Damages Arbitration") on November 1, 2004.  Honeywell sought relief "as to past periods," and "as to future periods", including a declaration that Sunoco's breaches of contract and fraud excused Honeywell's future performance under the Agreement.

During this time, the parties were also discussing whether a new pricing mechanism could be put in place for 2005.  After Honeywell filed its demand for the Damages Arbitration, Sunoco informed Honeywell that it would continue to invoice Honeywell at the current price until a new price had been agreed to.  As a result, on December 6, 2004, Honeywell filed a second arbitration demand for a determination of the methodology that "shall" be used from January 1, 2005 to determine cumene prices ("Reopener Arbitration").  In response, Sunoco wrote to Honeywell, taking the position that the arbitrator in the Reopener Arbitration "cannot declare" a price for cumene from January 1, 2005, since the Agreement required that the price of cumene "continue under

the methodology in the Agreement until a new methodology has been decided. Therefore, Honeywell cannot demand, and an arbitrator cannot declare, that the pricing methodology for the price of cumene apply from January 1, 2005 forward." In its December 30 Answer, Sunoco objected that Honeywell's demand for arbitration exceeded the scope of the Agreement in seeking that the arbitrator "apply the pricing methodology retroactively to January 1, 2005."

The hearing in the Damages Arbitration took place between May 18 and June 1, 2005. Honeywell had served an expert report on March 28, 2005, claiming damages not only for 2003 and 2004, but also for the year 2005 up to the date of the report. Sunoco objected on May 6, arguing that the Reopener Arbitration was "the appropriate place to resolve cumene pricing under the Agreement for January 1, 2005 going forward." Honeywell responded on May 11, that it would have no remedy for Sunoco's breach of contract from January 1, 2005 unless damages were awarded in the Damages Arbitration given Sunoco's assertion that the Reopener Arbitration could not establish a new pricing methodology retroactively. Honeywell assured the arbitrator that it was not seeking a new methodology through the Damages Arbitration, and that the new methodology would be determined only in the Reopener Arbitration.

On May 10, Sunoco sought a ruling from the arbitrator in the Damages Arbitration regarding the proper forum for Honeywell's claim of overcharges in 2005, characterizing it as an issue as to

4

the "scope" of the arbitration and of the arbitrator's jurisdiction.  As a result, the issue of the arbitrator's jurisdiction to award damages for 2005 was the subject of pre-hearing briefing, hearing testimony and post-hearing briefing.  Sunoco again took the position that the arbitrator could not award damages for 2005 because Honeywell had already commenced a separate Reopener Arbitration.  A Sunoco executive testified in effect that the reopener provisions in the Agreement precluded Honeywell from obtaining any relief for cumen overcharges in 2005 until the pricing methodology was revised through the Reopener Arbitration.  According to the executive, "until such methodology is revised, then current methodology will remain in effect."

In a preliminary decision of September 2, the arbitrator in the Damages Arbitration awarded damages in favor of Honeywell for June 2003 through April 2005, in the amount of almost $75 million and ordered an additional hearing on continuing damages.  The arbitrator determined that Sunoco had purposefully created a sham market for cumene, and that its manipulation of the price was a breach of its duty of good faith and fair dealing under the Agreement.  The public market on which Sunoco had based its prices in 2003 and 2004 ceased to exist as of January 1, 2005, because of the filing of the Damages Arbitration.  Nonetheless, Sunoco had continued to charge Honeywell at the same price level in 2005 that it had used in earlier years.  The arbitrator found that by doing so, Sunoco had continued to breach the Agreement by charging Honeywell an arbitrary price.  He also concluded that

5

the existence of the Reopener Arbitration did not preclude a damages award for the period of time until the Reopener Arbitration sets the future price: "I conclude that the existence of a second arbitration regarding the pricing methodology on a going forward basis does not preclude Honeywell from receiving damages for Sunoco's past and continuing breaches of its contractual duty of good faith and fair dealing for the time until that second arbitration sets the future price."

On September 21, the arbitrator issued a final award for 2003 and 2004. As for the 2005 damages, which amounted to over $11 million, the arbitrator suspended entry of a final award in deference to this preliminary injunction proceeding.

Following the September 2 ruling, Sunoco has continued to send Honeywell invoices set at the same rate that the arbitrator found to be a breach of its duty of good faith and fair dealing. Specifically, on September 9, Sunoco sent an invoice to Honeywell for August purchases that continued to charge Honewell at the same rate it had used for its other 2005 invoices. Through this invoice, Sunoco rejected Honeywell's offer to pay future invoices at the rate approved by the arbitrator until the Reopener Arbitration set a new methodology.

In the Reopener Arbitration, the parties agreed to waive the requirement that an arbitrator reasonably skilled in determining cumene prices preside over the arbitration. The hearing in this second arbitration is set for April 10, 2006 in New York City. The Reopener Arbitration has proceeded slowly because of a stay

6

during settlement negotiations and delays associated with locating a qualified arbitrator. On September 13, over a week after the September 2 ruling in the Damages Arbitration, Sunoco amended its answer in the Reopener Arbitration to take the position for the first time that the new pricing methodology which will be determined by the arbitrator in the Reopener Arbitration may be applied retroactively to January 1, 2005.

In this lawsuit, Sunoco seeks a preliminary injunction. It also has pleaded a count to vacate the September 21 award in the Damages Arbitration on the ground that it is in manifest disregard of the law.

## Discussion

There is no need for an extended discussion of Sunoco's preliminary injunction motion.[1] Sunoco litigated within the Damages Arbitration the issue of whether that arbitrator had the power to award damages for the year 2005, or more specifically, for any period until a new pricing mechanism has been established through the Reopener Arbitration. Having chosen to submit that issue to the arbitrator, the proper mechanism for any attack on the arbitrator's decision on the issue is through its cause of

---

[1] If it appeared that Sunoco were entitled to preliminary relief it would be necessary to decide whether this injunction seeks to preserve the status quo or is instead a mandatory injunction and subject to a more stringent standard of proof by the movant. Because Sunoco's motion fails even under the customary standard, it is unnecessary to resolve this issue.

action to vacate a final award, and not through an application for injunctive relief to prevent a final award from being entered. The arbitrator is prepared to enter that final award, and would have done so on September 21 at the latest but for the existence of this preliminary injunction motion. Sunoco has not shown that it will suffer any cognizable harm that cannot be fully addressed through its action to vacate an award.

Honeywell points out that through its motion for a preliminary injunction, Sunoco is seeking review of an interlocutory ruling by an arbitrator. A court does not have the power to review interlocutory rulings. See In re Michaels, 624 F.2d 411, 414 (2d Cir. 1980); Compania Panemena Maritima San Gerassimo, S.A. v. J.E. Hurley Lumber Company, 244 F.2d 286, 288-89 (2d Cir. 1957).

Sunoco does not dispute that its sole recourse in attacking any decision made in the Damages Arbitration is to move to vacate or modify an award. Instead, it seeks to avoid this law through the characterization of its motion.[2] It argues that it is seeking to enforce its right to have the Reopener Arbitration set the new mechanism for determining the price of cumene. But, it is undisputed by both parties (as well as the arbitrator in the

---

[2]Sunoco's notice of motion seeks an order preliminarily enjoining Honeywell "from further proceedings involving any determination of the price of cumene under [the Agreement] for the period after January 1, 2005" in the Damages Arbitration, "and, further, requiring Honeywell to arbitrate the methodology that shall be used, from January 1, 2005 forward, to determine the price of cumene under [the Agreement] exclusively" in the Reopener Arbitration.

Damages Arbitration) that the Reopener Arbitration must proceed and that the Reopener Arbitration is the sole forum for setting a new mechanism to determine the price of cumene.  Sunoco's right to have the Reopener Arbitration proceed is thus fully protected.

The only thing that is truly at stake here is whether the new mechanism determined in the Reopener Arbitration can apply retroactively.  Sunoco had previously taken the position that that mechanism could only apply prospectively.  Having lost in the Damages Arbitration, Sunoco has switched gears and now argues that the new mechanism should apply not just prospectively but also retroactively to January 2005, and be the only measure used to adjust the amounts paid by Honeywell (hoping perhaps that that measure will be more favorable to it than the damages imposed by the arbitrator in the Damages Arbitration or to preserve its right to charge Honeywell at current prices for as long as possible).  Sunoco's rights in this regard are also fully protected by denying its motion for a preliminary injunction and by allowing the Damages Arbitrator to enter a final judgment on the 2005 damages so that the scope of its jurisdiction and the legality of its award can be promptly addressed on the merits.

In any event, two things are clear.  Sunoco has not shown that it will suffer irreparable harm if a final decision is entered in the Damages Arbitration for 2005 damages.  Honeywell has shown that Sunoco's motion is an impermissible interlocutory attack on an ongoing arbitration proceeding.

If it were necessary to reach the issue of Sunoco's

likelihood of success, Sunoco has not shown that it is likely to prevail. Sunoco having taken the position throughout the Damages Arbitration (and in the Reopener Arbitration until very recently) that any revised pricing mechanism established by the Reopener Arbitration could not be applied retroactively, it would appear as a preliminary matter that the arbitrator in the Damages Arbitration was justified in finding that Honeywell would be without recourse for arbitrary pricing in 2005 unless he awarded damages to Honeywell for this period as well as earlier periods. Alternatively, if it were necessary to weigh the balance of hardships, Sunoco has not shown that the balance tips decidedly in its favor, since the Agreement requires Honeywell to pay the amount charged in Sunoco's monthly invoices, the Damages Arbitration has determined that Honeywell has been overcharged at a rate of approximately $4 million per month, and the hearing (much less a decision) in the Reopener Arbitration is months away.

## Conclusion

Sunoco's motion for a preliminary injunction is denied.

SO ORDERED:

Dated: New York, New York
October 13, 2005

DENISE COTE
United States District Judge